# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY LEE LONG,

      Plaintiff,               :        Case No. 3:07-cv-135

                                         District Judge Walter Herbert Rice
     -vs-                                   Chief Magistrate Judge Michael R. Merz

                                 :

SPRINGFIELD CITY POLICE, et al.,

      Defendant.

**REPORT AND RECOMMENDATIONS, ORDER TO CLERK**

This action is before the Court for review prior to issuance of process.  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).   In deciding whether a complaint

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff brought this action *pro se* and *in forma pauperis* against numerous Defendants, all of whom he has denominated as U.S. Government officials. While the Complaint is difficult to read, it appears to allege that the Defendants have harassed Plaintiff over a minor record, presumably a criminal record, which he claims he is entitled to have expunged. Instead of expunging it, he appears to allege that the Defendants have publicized it and relied on it.

The Complaint fails to state a claim upon which relief can be granted. If indeed Plaintiff has been convicted of a criminal offense and that conviction has not been expunged, then it is a matter of public record and anyone who knows of it has the right to speak about it. Under certain circumstances, the Ohio courts, can expunge a criminal record of conviction, but this Court does not have the authority to do so. Whether the Defendants are United States government officials or state officials, there is no liability which attaches to them for publicizing truthfully a person's criminal

conviction.

Accordingly, it is respectfully recommended that the Complaint herein be dismissed without prejudice for failure to state a claim upon which relief can be granted in federal court. The Clerk is ordered not to issue process pending further order of the Court.

April 30, 2007.

                    s/ **Michael R. Merz**
                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Long v. Springfield Police 01.wpd